UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRUSTEES FOR THE UPPER PENINSULA
PLUMBERS' AND PIPEFITTERS' HEALTH
AND WELFARE FUND, et al.,

       Plaintiffs,

v.

                               Case No. 2:05-cv-266
                               CONSENT CASE

STEPHEN FRAZER,

       Defendant.
_____/

## **OPINION**

Defendant Stephen Frazer has filed a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking reconsideration of this Court's Opinion and Order denying defendant's motion for summary judgment (Docket ##43, 44). Defendant offers asserted new evidence for the Court's consideration. Defendant claims that summary judgment is appropriate. For the reasons outlined below, defendant's Motion for Reconsideration will be denied.

In 1996, defendant was a union plumber and pipefitter. After working for Johnson Controls, defendant decided to become self-employed specializing in heating and ventilation controls. Defendant contacted Steven Courier, who was a Business Agent and union representative. It was defendant's intention to contribute to the pension fund, but not the health and welfare fund because he was expecting to obtain health insurance from his wife's policy. Courier informed plaintiff that he could contribute only to the pension fund and incur no liability to the health and

welfare fund. Courier provided defendant with the "Acceptance of Agreement Form." Plaintiff signed the short form. The form provides:

> Acceptance of Agreement
> Effective from May 28, 1995 to May 30, 1998
> The undersigned has read and hereby approves the Agreement by and between the U.P. Mechanical Contractors Association, Inc. and the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local Union 414, 506, 635, 728, and 786 and herewith adopts the same and becomes one of the parties thereto. It is expressly agreed and understood that the undersigned by his signature is bound by all the terms and conditions set forth herein.

Defendant claims that he was not provided with a copy of the collective bargaining agreement at the time he signed this document. A couple of weeks after signing this document, Courier informed defendant that Courier was mistaken and defendant would have to pay into both the pension fund and the health and welfare fund. According to Courier, defendant could not pay into only the pension fund as Courier had originally explained. Defendant immediately stated that he was unwilling to make such and agreement and that he would not sign up to be a contractor with the union. Courier died before the trust funds first attempted to enforce the agreement.

For nine years defendant conducted his business without hiring employees and without any union involvement. Defendant never paid any employer contributions to the funds for pension or fringe benefits. During the summer of 2005, Local 506 Business Manager Bob McCuthcheon visited defendant at defendant's work site and informed him that he needed to pay benefits for MG Mechanical employee Mike Gillis. Gillis was performing work as a subcontractor for defendant. Defendant protested and told McCuthcheon to leave the work site.

In reviewing defendant's motion for summary judgment, the Court noted that the only applicable defense available to defendant was if there was fraud in the execution of the contract.

Fraud in the execution of a contract induces a party to a contract to believe the nature of his act is something entirely different than the contract. This defense arises when a party executes an agreement with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms. *Allied Fence and Security Systems, Inc.*, 922 F.Supp. 1250, 1257 (E. D. Mich. 1996), citing *Uniform Commercial Code* § 3-3-05(2)c and *Restatement (Second) Contracts* § 163 (1981). This is different from fraud in the inducement, which is not a viable defense. Fraud in the inducement arises when a party to a contract induces another to assent to something he otherwise would not have. At the hearing conducted in this matter, the parties agreed that fraud in the execution was defendant's only viable defense.

The Court found that there was a genuine issue of material fact as to whether there was fraud in the execution of the contract. Specifically, the Court noted that there was evidence that defendant agreed to an oral modification of a collective bargaining agreement, which would support fraud in the inducement (Docket #43, at 9-10). However, there is also evidence to support fraud in the execution. Courier's representations about defendant's obligations were false, and it is not clear whether defendant had actual or constructive knowledge that the collective bargaining agreement would not allow him to pay only into the pension fund. Thus, the Court denied defendant's motion for summary judgment.

In defendant's motion to reconsider, defendant offers purported new evidence for the consideration of the Court. It was revealed that Steven Courier was not only a business agent, but also was a trustee of plaintiffs' funds. Because of Courier's dual representation, defendant claims he can now rely on the defense of fraud in the inducement to sign the form titled "Acceptance of Agreement" rather than only the defense of fraud in the execution as was found by the Court. In support of this claim, defendant cites *Board of Trustees for the Michigan Carpenters Health &*

*Welfare Fund v. Burton Aluminum Products, Inc.*, 1989 WL 46987 (6th Cir. 1989) (unpublished), which states that "If [the] union business agent was wearing two hats when he procured [the employer's] signature, moreover – if he was acting both on behalf of the union and on behalf of the plaintiff funds – the distinction between fraud in the execution and fraud in the inducement may be immaterial as far as that agent's conduct is concerned." *Id*.

The facts in *Board of Trustees v. Burton*, however, are distinguishable from the case at hand. The contract in *Board of Trustees v. Burton* was not a collective bargaining agreement, but an "Employer Registration" form, a direct agreement between benefit plans and employers. *Id.* at 1. Thus, in that case, the agents may have been acting on behalf of either the funds or the union. In this case, the only contract was a collective bargaining agreement, to which the plaintiff Trust Fund is not a party. While the collective bargaining agreement does provide for contributions to the Trust Fund, the Trust Fund is only a third-party beneficiary. The contract in question here did not purport to bind defendant to the Funds or bind the Funds to the defendant. Courier could have functioned only as a business agent for the union since the Trust Fund, as a non-party, did not have the capacity to act upon the contract. Therefore, the defense of fraud in the inducement remains unavailable to defendant. As this Court stated previously, there are issues of fact as to whether there was fraud in the inducement or fraud in the execution of this contract. It is appropriate for these issues to be resolved at trial.

Since defendant does not raise any other justification for reconsideration of this Court's ruling, defendant's Motion for Reconsideration will be denied.

- 5 -

An Order consistent with this Opinion will be entered.

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 7, 2006